UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOVANNI GIUSEPPE WHYTE BEY,

                              Plaintiff,

    -against-

DAVID A. GABAY,

                             Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-02553 (JMA) (AYS)

FILED
CLERK
12:23 pm, Sep 14, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Upon review of the Complaint (ECF No. 1) and the Proposed Pretrial Order (ECF No. 23), the Court determined that this case did not appear to present a valid basis for the Court's exercise of subject matter jurisdiction. Accordingly, on August 25, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (See Electronic Order dated Aug. 25, 2022.) Plaintiff has not responded to the August 25 Order and the deadline to do so has passed.

The Court now concludes that it lacks subject matter jurisdiction over this action. The Proposed Pretrial Order does not present a federal question to be tried. 28 U.S.C. § 1331. Nor does it establish that diversity jurisdiction exists, as both Plaintiff and Defendant appear to be citizens of New York and the amount in controversy does not appear to exceed $75,000. 28 U.S.C. §1332(a). Even if Plaintiff had plausibly alleged a federal claim in the Complaint, no federal claim appears in the Proposed Pretrial Order, and therefore any such claim has been abandoned. See Hanming Feng v. Soy Sauce LLC, No. 15-CV-3058, 2017 WL 6561160, at *5 n.10 (E.D.N.Y. Dec. 22, 2017) (noting that plaintiff abandoned claim asserting violation of federal statute because proposed pretrial order "failed to identify that claim as one to be tried").

The Court declines to exercise supplemental jurisdiction over any state law claims, which are dismissed without prejudice and with leave to refile them in a state court of appropriate jurisdiction.  28 U.S.C. § 1367(c)(3) (providing that a court "may decline to exercise supplemental jurisdiction," if it has "dismissed all claims over which it has original jurisdiction").  "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity."  Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).  "In weighing these factors, the district court is aided by the Supreme Court's additional guidance in Cohill that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.' "  Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  Without any federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.

Although Plaintiff paid the filing fee to commence this action (see ECF No. 7), should he seek leave to appeal in forma pauperis ("IFP"), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court shall mail a copy of this Order to both Plaintiff and Defendant at their respective addresses of record.

**SO ORDERED.**

Dated:  September 14, 2022
Central Islip, New York

                                                           /s/   (JMA)         
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE